**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AJIT BHOGAITA,**

                  **Plaintiff,**

**-vs-**                                                             **Case No. 6:11-cv-1637-Orl-31DAB**

**ALTAMONTE HEIGHTS**
**CONDOMINIUM ASSN., INC.,**

                  **Defendant.**

_____

## ORDER

This cause comes before the Court on a motion to dismiss (Doc. 15) filed by Defendant, Altamonte Heights Condominium Association, Inc. ("AHCA"); and the Response (Doc. 16) filed by Plaintiff Ajit Bhogaita ("Bhogaita").

**I. Background**

This case arises out of Defendant's alleged failure to provide reasonable accommodation under the federal and Florida Fair Housing Acts. 42 U.S.C. § 3604; FLA. STAT. § 760.23 ("FHA"). Bhogaita is a veteran of the United States Air Force who suffers from Post Traumatic Stress Disorder resulting in "chronic anxiety" and depression. (Doc. 1, ¶ 5). At all relevant times Bhogaita lived in a condominium unit operated by Defendant AHCA which had a policy that residents not keep animals over twenty-five pounds. On May 4, 2010, AHCA sent a notice to Bhogaita, pursuant to this policy, which demanded he remove his pet dog, "Kane." Bhogaita responded on May 7, 2010, by sending a note from his "treating medical professional, 'Dr. Li,' " which stated, *inter alia*,

> [d]ue to mental illness, [Bhogaita] has certain limitations regarding social interaction and coping with stress and anxiety. In order to help alleviate these difficulties, and to enhance his ability to live independently and to fully use and enjoy the dwelling unit, I am prescribing an emotional support animal that will assist [Bhogaita] in coping with his disability.

(Doc. 1, ¶ 8). Another note, also written by Dr. Li, was sent to AHCA a few days later which added, "I am prescribing an emotional support animal that will assist [Bhogaita] in coping with his disability, specifically his dog, Kane. [Bhogaita] has therapeutic relationship with this specific dog, Kane. As an emotional support animal, Kane serves to ameliorate otherwise difficult to manage day to day psychiatric symptoms in [Bhogaita]." (Doc. 1, ¶ 9).

On July 13, 2010, AHCA requested the following additional information,

1. What is the exact nature of your impairment? How does it substantially limit a major life activity?

2. How long have you been receiving treatment for this specific impairment?

3. How many sessions have you had with Dr. Li?

4. What specific training has your dog received?

5. Why does it require a dog over 25 pounds to afford you an equal opportunity to use and enjoy your dwelling?

(Doc. 1 at 3; Doc. 15-1 at 2).[1] On July 27, 2010 Bhogaita responded by providing a third letter from Dr. Li which stated,

> [Bhogaita] has certain limitations regarding social interaction and coping with stress and anxiety. This limits his ability to work directly with other people, a major life activity . . . He is able to work with the assistance of his emotional support animal.

---

[1] The Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

>   Otherwise his social interactions would be so overwhelming that he would be unable to perform work of any kind.

(Doc. 1 at 3). After receiving this letter, AHCA sent a second request to Bhogaita on August 17, 2010, which stated, in relevant part,

>   1. Please list **each individual disability** that you feel your pet is required for in order for you to offset the effects of those individual disabilities. Originally you claimed one disability, not you are claiming another disability. Please list all related disabilities.[2]
>
>   2. Please provide documentation from a medical professional(s) that clearly supports that you have any of the disabilities noted above, disabilities that substantially limit a major life activity, <u>and that you are in need of a trained "support animal" that exceeds the 25 pound weight limit for that disability</u>. Please include contact physician information as well. (Note: You have already provided documentation regarding your claim related to mental health issues; however, your psychiatrist has not indicated that you need an oversized pet for this disability. This should be clarified by him if you want to exception for this particular condition considered.)
>
>   3. If you add names of any additional medical professional(s) from your original submission only of Dr. Li, please include how many sessions you have had with those additional physicians similar to the information you provided regarding your sessions with Dr. Li.
>
>   4. Please provide all information related to the professional training your pet has successfully completed regarding the assistance you claim he/she is required to offer you as a support animal. This requested information shall include the type of training the pet received specific to the disability, the dates of training, the location of training, names and contact name of the trainer(s), and copies of any certificates of successful completion.

(Doc. 1 at 3-4; Doc. 15-1 at 3-4). It is unclear if Bhogaita responded to this request. However, on October 18, 2010, AHCA sent a third letter that requested information regarding,

---

[2] AHCA claims that Bhogaita sent another, undated letter, in which he explains the need for a dog over 25 pounds arises out of a problem with his knees. This letter is not mentioned in Complaint or otherwise attached as an exhibit. Accordingly, the Court declines to consider it in ruling on the motion to dismiss.

1. the exact nature of [Bhogaita's] alleged mental disability;

2. [Bhogaita's] treatment, including a list of all medications and the number of counseling sessions per week;

3. details of how the diagnosis was made;

4. the total number of hours and sessions fo mental health treatment [Bhogaita] has received;

5. how long [Bhogaita] has been a patient of the psychiatrist and how long he's been treated for mental disability;

6. whether the condition is permanent or temporary;

7. details of the prescribed treatment moving forward;

8. description of how the mental disability substantially limits [Bhogaita's] major life activities;

9. details of why a smaller dog would not sufficiently provide [Bhogaita] an equal opportunity to enjoy his unit; and

10. documentation of the individualized training [Bhogaita's] dog received for the purpose of helping him with his mental disability, including dates, contact information of the instructor, and copies of any certifications received.

(Doc. 1 at 4-5).

Bhogaita filed a complaint with the United States Department of Housing and Urban Development ("HUD") and the Florida Commission on Human Relations on December 1, 2010. Both agencies issued a finding of cause on January 21, 2011 and Bhogaita filed the instant lawsuit on October 11, 2011.

In the Complaint Bhogaita claims that AHCA constructively denied his request for a reasonable accommodation by delaying a decision and seeking detailed information "beyond what [AHCA] needed to know in order to make a determination in the matter." (Doc. 1, ¶ 14). The

Complaint asserts two causes of action, (1) failure to reasonably accommodate pursuant to 42 U.S.C. § 3604(f)(3)(B) and FLA. STAT. § 760.23(9)(b); and (2) "discrimination in the terms, conditions, or privileges of the provision of services or facilities in connection with a dwelling" pursuant to 42 U.S.C. § 3604(f)(2) and FLA. STAT. § 760.23(8).

**II. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must

be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

    **A. Count I - 42 U.S.C. § 3604(f)(3)(B)**

To prevail on a section 42 U.S.C. § 3604(f)(3)(B) and FLA. STAT. 760.23(9)(b) claim,[3] a plaintiff must establish that, (1) he is disabled within the meaning of the FHA, (2) he requested reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy the dwelling, (4) Defendants refused to make the requested accommodation. *Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.*, 347 Fed. App'x 464, 467 (11th Cir. 2009). AHCA moves to dismiss the Complaint because it fails to allege any actual or constructive refusal to accommodate. Bhogaita responds that AHCA's requests for irrelevant information constitutes a constructive denial.

To establish a cause of action under the FHA, a defendant must refuse to make a requested accommodation. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008). The denial of an accommodation "can be both actual or constructive, as an indeterminate delay has the same effect as an outright denial." *United States v. Hialeah Housing Authority*, 418 Fed. App'x 872, 878 (11th Cir. 2011) (citing *Groome Resources Ltd. v. Parish of Jefferson*, 234 F.3d 192, 199 (5th Cir.2000)). This does not mean, however, that a defendant must accommodate all requests without question; rather, "[d]efendants must instead have . . . the ability to conduct a meaningful review of the

---

[3] "The Florida Fair Housing Act contains statutory provisions that are substantively identical to the federal Fair Housing Act." *Loren v. Sasser*, 309 F.3d 1296, 1299 n. 9 (11th Cir.2002). Accordingly, the same analysis applies to both of Bhogaita's claims. *Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.*, 347 Fed. App'x 464, 467 (11th Cir. 2009).

requested accommodation to determine if such an accommodation is required by law." *Schwarz*, 544 F.3d at 1219 (quoting *Prindable v. Ass'n of Apartment Owners*, 304 F. Supp. 2d 1245, 1258 (D. Haw. 2003)). For example, "it is reasonable to require the opinion of a physician who is knowledgeable about the subject disability and the manner in which a service dog can ameliorate the effects of the disability." *Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.*, No. 3:07-cv-97/RV/EMT, 2009 WL 691378 at * 7 (N.D. Fla. 2009), *aff'd,* 347 Fed. App'x 464 (11th Cir. 2009) (quoting *Prindable v. Ass'n of Apartment Owners*, 304 F. Supp. 2d 1245 (D. Haw. 2003)).

In this case, Bhogaita provided three letters from Dr. Li which directly responded to Defendant's questions. The letters indicated that Bhogaita suffered from PTSD and that he had a therapeutic relationship with his dog "Kane." On July 27, 2010, Dr. Li indicated that without "Kane," Bhogaita would be unable to work. Accordingly, the Complaint asserts that Bhogaita was disabled, and that he requested a reasonable accommodation necessary to afford him the ability to use and enjoy the dwelling. At that point, based on the allegations in the Complaint, AHCA was required to respond to Plaintiff's request. By persisting in its intrusive quest for more–and largely irrelevant– information, AHCA constructively denied Bhogaita's request.

### B. Count II - 42 U.S.C. § 3604(f)(2)

In Count II, Bhogaita asserts a cause of action under 42 U.S.C. § 3604(f)(2) for AHCA's allegedly unlawful and discriminatory inquiry into the nature and severity of his handicap. Bhogaita claims that AHCA's requests "were solely made for the intrusive and prurient interests of the agents and employees of [AHCA]." As a result of this "unreasonable inquiry," Bhogaita claims he was "subject to discrimination in the terms and conditions of the services and facilities of his

condominium, by limiting the full equal and equal enjoyment of the condominium grounds." (Doc. 1, ¶¶ 30-32). AHCA also moves to dismiss Count II on the basis that it is redundant.

42 U.S.C. § 3604(f)(2) provides, in relevant part, "it shall be unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." Subsection (f)(3)(B)–the purported basis for Count I–provides, "[f]or the purposes of this subsection, discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Although Count I purports to state a cause of action under (f)(3)(B), it is properly actionable under (f)(2). Count II is merely an attempt to characterize AHCA's requests for additional information as a separate cognizable injury under the FHA. There appears to be no basis in the statute for such a claim.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss (Doc. 15) is **GRANTED in part and DENIED in part**. Defendant's Motion is **GRANTED** with respect to Count II, but **DENIED** with respect to Count I.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 3, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE