UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AJIT BHOGAITA

    Plaintiff,

v.                                     CASE NO.: 6:11-cv-1637-Orl-31DAB

ALTAMONTE HEIGHTS CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

The Defendant, ALTAMONTE HEIGHTS CONDOMINIUM ASSOCIATION, INC., by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## JURISDICTIONAL ALLEGATIONS

1. Defendant admits only that this Court has jurisdiction over the subject matter of this action.

2. Defendant admits only that venue is proper in this Court.

3. Defendant admits only that Plaintiff currently owns and lives at 312C Cherokee Court, Altamonte Springs, FL.

4. Defendant admits only that it is a Florida non-profit corporation licensed and doing business in Seminole County, Florida.

## GENERAL ALLEGATIONS

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies same.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies same.

7. Defendant admits only that it sent a letter to Plaintiff dated May 4, 2010 that it had been reported to the office that Plaintiff had a dog that exceeded the 25 pound weight limit specified in the Rules and Regulations. Defendant further admits that it requested that Plaintiff remove his pet by May 18, 2010 or further action may be taken by Defendant.

8. Defendant admits only that it received a one page document purportedly from Shih-Tzug Li, M.D., dated May 12, 2010. The document speaks for itself and Defendant admits only that the document states what it states.

9. Defendant admits only that it received a one page document purportedly from Shih-Tzug Li, M.D., dated May 12, 2010. The document speaks for itself and Defendant admits only that the document states what it states.

10. Defendant admits only that it mailed a letter to Plaintiff dated July 13, 2010. The document speaks for itself and Defendant admits only that the document states what it states.

10. Defendant admits only that it received a one page document purportedly from Shih-Tzug Li, M.D., dated July 27, 2010. The document speaks for itself and Defendant admits only that the document states what it states.

11. Defendant admits only that it mailed a letter to Plaintiff dated August 17, 2010. The document speaks for itself and Defendant admits only that the document states what it states.

12. Defendant admits only that it mailed a letter to Plaintiff dated October 18,

2010. The document speaks for itself and Defendant admits only that the document states what it states.

13. The October 18, 2010 letter speaks for itself and Defendant admits only that the letter states what it states.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant is without knowledge as to the allegations in paragraph 17 and therefore denies same.

18. Defendant admits only that Plaintiff filed a Complaint with the United States Department of Housing and Urban Development and that Cheyanne M. Costilla, Staff Attorney for the Florida Commission on Human Relations, issued a Legal Concurrence of Cause against Defendant dated January 21, 2011.

19. Defendant is without knowledge as to the allegations in paragraph 19 and therefore denies same.

## COUNT I – FAILURE TO REASONABLY ACCOMMODATE
### (42 U.S.C. § 3604(f)(3)(B); § 760.23(9)(b))

20. Defendant repeats and re-alleges its responses to the allegations contained in paragraphs 1 – 19 as if fully set forth herein.

21. Defendant denies the allegations in paragraph 21 as phrased.

22. Defendant denies the allegations in paragraph 22 as phrased.

23. Defendant denies the allegations in paragraph 23 as phrased.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 750 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's dog, Kane, was never removed from Plaintiff but continued to live with him at the subject condominium community at all times. Defendant's actions did not deny Plaintiff the benefit of Kane's company. Consequently, Defendant never actually nor constructively denied Plaintiff's request for a reasonable accommodation as alleged in the complaint.

2. Defendant has informed Plaintiff in writing that it will continue to allow his dog, Kane, to remain within the condominium community and therefore this action is moot and does not present an on-going case or controversy.

3. Plaintiff is not disabled or handicapped within the meaning of the Fair Housing Act.

4. Plaintiff's requested accommodation was not necessary to afford him an opportunity to use and enjoy his dwelling.

5. The requests for additional information from Plaintiff were made in good faith and pursuant to Defendant's legal duties to enforce the rules and regulations of the Association.

6. Defendant did not have sufficient knowledge of Plaintiff's alleged handicap and the necessity of the requested accommodation.

7. The allegations of the Complaint are insufficient to state a claim for punitive damages and said claim should be stricken from the complaint.

8. Plaintiff has failed to mitigate his damages.

9. The Court should not grant injunctive relief to Plaintiff because he has not acted equitably and he has "unclean hands."

## DEMAND FOR JURY TRIAL

The Defendant hereby demands a trial by jury of all issues by right so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17th, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew W. Dietz, Esq.**, Law Offices of Matthew W. Dietz, P.L., 2990 Southwest 35th Ave., Miami, FL 33133 and **Aaron Bates, Esq.**, The Maher Law Firm, P.A., 631 W. Morse Blvd., Suite 200, Winter Park, FL 32789.

    /s/ Greg Ackerman
ROBERT ALDEN SWIFT
FBN: 0018518
GREG ACKERMAN
FBN: 0104132
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
Tower Place, Suite 750
1900 Summit Tower Blvd
Orlando, Florida 32 810
E-Mail: greg.ackerman@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

L:\0185-0025-00\P\Answer and Aff Defenses (1-17-12).doc