# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AJIT BHOGAITA,**

                **Plaintiff,**

**-vs-**                                           **Case No. 6:11-cv-1637-Orl-31DAB**

**ALTAMONTE HEIGHTS**
**CONDOMINIUM ASSN., INC.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO COMPEL (Doc. No. 23)**
>
> **FILED:**      **April 23, 2012**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part as set forth herein.

Plaintiff Agit Bhogaita sued Altamonte Heights Condominium Association, Inc. (the "Association") for violation of the Federal and Florida Fair Housing Acts for allegedly discriminating against him on the basis of a psychological disability when the Association denied his request for an accommodation with respect to keeping "an emotional support animal" – a dog named Kane – that weighed more than 25 pounds. The Association served Plaintiff with written discovery, and Plaintiff responded; the Association now moves to compel better responses to one interrogatory and four requests for production. Doc. 23. Plaintiff has timely filed his response. Doc. 24.

Federal Rule of Civil Procedure 26(b) allows discovery of any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

Defendant's Request to Produce No. 15 concerning training documents for the dog appears to be mooted by Plaintiff's response that no such documents exist. Doc. 24. The Association seeks to compel in Request to Produce No. 20 all of Plaintiff's records pertaining to his service in the United States Military as relevant or at least reasonably calculated to lead to the discovery of admissible evidence in this case because Plaintiff alleges in ¶ 5 of his Complaint that he is "a Veteran of the United States Air Force who suffers from Post Traumatic Stress Disorder as a result of military sexual trauma." The Request is at least partially mooted by Plaintiff's willingness to produce medical records from the Veterans Administration under the appropriate confidentiality agreement which would contain proof of Plaintiff's service. Doc. 24. To the extent the Association seeks additional records from Plaintiff's military career from 1991 to 1998, the Motion is denied.

Plaintiff's objection to Request to Produce No. 13 for documents "relating to any rules and/or regulations" of the condominium community is sustained; the Association has better access to its own rules and regulations.

The Association seeks to compel responses to its Request to Produce No. 21 and related Interrogatory No. 11 concerning Plaintiff's employment for the last ten years; Plaintiff objected that this discovery was irrelevant and would not lead to the admission of relevant evidence because Plaintiff was not seeking damages for lost wages. The Association argues that the employment

information is relevant or reasonably calculated to lead to the discovery of admissible evidence because Plaintiff's treating psychiatrist, Shih Tzung Li, M.D., has asserted that Plaintiff has certain limitations regarding social interaction that limit his ability to work directly with other people, a major life activity; thus, Plaintiff's prior employment is relevant to the issue of whether he is handicapped under the Fair Housing Act. Doc. 23 (citing *Hahn v. Shoreline Tower Phase I Condominium Ass'n, Inc.*, 374 Fed.Appx. 464, 467 (11th Cir. 2009) ("an individual is handicapped, for the purposes of the Fair Housing Act, if he has (a) a physical or mental impairment which substantially limits one or more of such person's major life activities").

The Association also contends the information is relevant because Plaintiff *does* allege a claim for "lost time from work to attend to this matter" and that he obtained his dog, Kane, from a former co-worker. The source of the dog is irrelevant to Plaintiff's claims. However, Plaintiff has clearly asserted a claim for lost wages in the Complaint. Doc. 1 ¶ 33. Thus, the Association is entitled to the information sought in Interrogatory No. 11 and RFP No. 21, but limited to a three year period prior to the time the lawsuit was filed. To the extent the Motion seeks to compel responses to Interrogatory No. 11 and RFP No. 21 it is **GRANTED in part** as set forth herein and Plaintiff is **ORDERED** to serve his responses within 14 days.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record