UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AJIT BHOGAITA

      Plaintiff,

v.                             CASE NO.: 6:11-cv-1637-Orl-31DAB

ALTAMONTE HEIGHTS CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.
_____/

**<u>DEFENDANT'S AMENDED UNOPPOSED MOTION</u>**
**<u>TO COMPEL NON-PARTY TO APPEAR FOR DEPOSITION</u>**
**(as to Certificate of Service only)**

      The Defendant, ALTAMONTE HEIGHTS CONDOMINIUM ASSOCIATION, INC., by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 37 and 45, hereby moves the Court for an Order compelling non-party, Dr. Shih Tzung Li ("Dr. Li"), to appear for deposition and states the following as grounds:

      1.      On or about October 11, 2011, Plaintiff filed his original complaint in the above-styled action. Plaintiff alleges that Defendant violated the Federal and Florida Fair Housing Acts by discriminating against him on the basis of a psychological disability when it allegedly denied his request for an accommodation with respect to keeping an emotional support animal that weighed more than 25 pounds. Plaintiff alleges that he provided Defendant with several notes from his treating medical professional, Dr. Li, verifying that Plaintiff was disabled and that Dr. Li was prescribing an emotional support animal to assist Plaintiff in coping with his disability.

      2.      On June 14, 2012, Defendant took the deposition of Plaintiff. The following day, June 15, 2012, Defendant served a Notice of Taking Deposition Duces Tecum for Dr. Li.

3.      On July 26, 2012, Attorney James Mantia called undersigned counsel and informed that he was representing the VA Hospital with respect to the deposition of Dr. Li.  Undersigned counsel memorialized the conversation via an email to Mr. Mantia and a true copy of same is attached hereto as Exhibit "A".

4.      On August 1, 2012, Defendant served an Amended Notice of Taking Deposition Duces Tecum scheduling the deposition of Dr. Li for September 7, 2012, and a true copy of that notice is attached hereto as Exhibit "B".  That same day, Defendant issued a deposition subpoena to Dr. Li which was served on August 14, 2012.  A true copy of that served subpoena is attached hereto as Exhibit "C".

5.      On August 17, 2012, undersigned counsel received an email on behalf of Mr. Mantia attaching a letter from him objecting to the deposition subpoena served on Dr. Li.  In short, Mr. Mantia represented that Dr. Li was a VA employee and asserted that the subpoena did not comply with 38 CFR 14.800 through 14.810 which governs obtaining testimony from VA employees.  True copies of that email and letter are attached hereto as composite Exhibit "D".

6.      On August 22, 2012, undersigned counsel sent Mr. Mantia an email attaching an affidavit of undersigned counsel in compliance with 38 CFR §14.805.  In short, the affidavit briefly explains the nature and relevance of Dr. Li's testimony in this case.  True copies of that email and affidavit are attached hereto as composite Exhibit "E".

7.      On August 27, 2012, Mr. Mantia sent an email to undersigned counsel acknowledging receipt of the affidavit but informing that he would still require a Court Order to make Dr. Li available for deposition.  A true copy of that email is attached hereto as Exhibit "F".

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 750 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

8.     As stated in undersigned counsel's affidavit, Dr. Li is not only a material witness but a central witness in this case as Plaintiff's claims are based solely on the assertions made by Dr. Li in his office notes.  His testimony would be relevant to whether or not Plaintiff was disabled within the meaning of the Fair Housing Act which is an essential element of Plaintiff's claim in this case.  Defendant's ability to defend this case would be unfairly and significantly prejudiced if it were not allowed to depose Dr. Li concerning the factual basis for the assertions made in his office notes and any other related VA medical records pertaining to his treatment of Plaintiff's alleged disability.

Wherefore, the Defendant moves the Court for an order directing Dr. Li to appear for deposition at a mutually agreeable time, date, and location and to produce the records requested in Schedule A to the Subpoena on the grounds set forth herein.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), Defendant offers the following memorandum of law in support of this motion.

Federal Rule of Civil Procedure 37 provides in pertinent part as follows:

(a)     **Motion for an Order Compelling Disclosure or Discovery.**

(1)     **In General.**  On notice to other parties and all affected persons, a party may move for an Order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without Court action.

In this case, Dr. Li via counsel for the VA Hospital, Mr. Mantia, has indicated that he will not appear without a Court order.  Undersigned counsel has conferred with Mr. Mantia in order to obtain the deposition of Dr. Li without Court action but has been unable to do so.  Pursuant to Rule 37, the Court has the authority to issue an order directing Dr. Li to appear for his deposition.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 750 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

**CERTIFICATION OF GOOD FAITH CONFERENCE**

In compliance with Local Rule 3.01(g), I hereby certify that I conferred in good faith with opposing counsel, Matthew W. Dietz, concerning the relief requested by this motion to compel and he has no objection to same.

__/s/ Greg Ackerman_____
GREG ACKERMAN
FBN: 0104132
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew W. Dietz, Esq.**, Law Offices of Matthew W. Dietz, P.L., 2990 Southwest 35th Ave., Miami, FL 33133 and **Aaron Bates, Esq.**, The Maher Law Firm, P.A., 631 W. Morse Blvd., Suite 200, Winter Park, FL 32789, and by electronic mail to James A. Mantia, Esq., Department of Veterans Affairs, Office of Regional Counsel 02, 5201 Raymond Street, Lakemont Campus, Ste 202A, Orlando, FL 32803.

__/s/ Greg Ackerman_____
ROBERT ALDEN SWIFT
FBN: 0018518
GREG ACKERMAN
FBN: 0104132
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
Altamonte Heights
Tower Place, Suite 750
1900 Summit Tower Blvd
Orlando, Florida 32 810
Primary Email: greg.ackerman@csklegal.com
Secondary Email: esther.woolsey@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

l:\0185-0025-00\p\am mtc dr. li depo (9-6-12).docx

**Esther Woolsey**

| | |
|---|---|
| **From:** | Greg Ackerman |
| **Sent:** | Thursday, July 26, 2012 2:54 PM |
| **To:** | james.mantia@va.gov |
| **Cc:** | Esther Woolsey; Darlene Rittenhouse |
| **Subject:** | Bhogaita v. Altamonte Heights |

Jim,

       Per our conversation a moment ago, it is my understanding that you are representing the VA Hospital with respect to the deposition subpoena served on Dr. Li. Please advise whether you are going to object to the subpoena at your earliest convenience. As I informed you, if you object, I will have to file a motion to compel because Dr. Li is a key witness in case. Thanks.



**GREG ACKERMAN, ESQ.**

greg.ackerman@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

Tower Place 750
1900 Summit Tower Boulevard
www.csklegal.com | Orlando, FL 32810

1



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AJIT BHOGAITA

     Plaintiff,

v.                                                          CASE NO.: 6:11-cv-1637-Orl-31DAB

ALTAMONTE HEIGHTS CONDOMINIUM
ASSOCIATION, INC.,

     Defendant.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:   **Matthew W. Dietz, Esq.**       **Aaron Bates, Esq.**
     Law Offices of Matthew W. Dietz, P.L.   The Maher Law Firm, P.A.
     2990 Southwest 35th Ave.         631 W. Morse Blvd., Suite 200
     Miami, FL 33133               Winter Park, FL 32789

     PLEASE TAKE NOTICE that the undersigned will take the deposition of the following:

     **DEPONENT:**       **Dr. Shih-Tzung Li**

     **DATE:**           **September 7, 2012**

     **TIME:**           **10:30 a.m.**

     **LOCATION:**       **Cole, Scott & Kissane, P.A.**
                      **1900 Summit Tower Blvd, Ste. 750**
                      **Orlando, FL 32810**

upon oral examination before U.S. Legal Support, or any other notary public or officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court. Deponent shall produce for inspection or copying the following documents on



Schedule "A".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2012, a true and correct copy of the foregoing was served via U.S. Mail to the following: **Matthew W. Dietz, Esq.**, Law Offices of Matthew W. Dietz, P.L., 2990 Southwest 35th Ave., Miami, FL 33133 and **Aaron Bates, Esq.**, The Maher Law Firm, P.A., 631 W. Morse Blvd., Suite 200, Winter Park, FL 32789.

/s/ Greg Ackerman   *CA*
ROBERT ALDEN SWIFT
FBN: 0018518
GREG ACKERMAN
FBN: 0104132
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
Altamonte Heights
Tower Place, Suite 750
1900 Summit Tower Blvd
Orlando, Florida 32 810
E-Mail: greg.ackerman@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

I:\0185-0025-00\p\amended noddt - li (8-1-12).docx

## SCHEDULE "A"

Your complete records, FROM COVER-TO-COVER, all medical, radiology and billing including any and all documents, records and papers pertaining to the treatment, examination of and diagnosis of Ajit Bhogaita, plaintiff.

COLE, SCOTT & KISSANE, P.A.
TOWER PLACE, SUITE 750 · 1900 SUMMIT TOWER BOULEVARD · ORLANDO, FLORIDA 32810 · (321) 972-0000 (321) 972-0098 FAX

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| Ajit Bhogaita _____ *Plaintiff* | ) ) |
| v. | ) |
| Altamonte Heights Condominium _____ Association, Inc. _____ *Defendant* | ) ) ) ) |

Civil Action No.   6:11-cv-1637-Orl-31DAB

(If the action is pending in another district, state where:

                                                    )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Shih Tzung Li
      925 South Semoran Blvd., Winter Park, FL 32792

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cole, Scott & Kissane, P.A. 1900 Summit Tower Blvd, Ste 750 Orlando, FL 32810 | Date and Time: 09/07/2012 10:30 am |
|---|---|

The deposition will be recorded by this method:  Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Attached Schedule "A"

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    08/01/2012

                    *CLERK OF COURT*

                                              OR

_____            _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Altamonte Heights Condominium Association, Inc. _____ , who issues or requests this subpoena, are:
Greg Ackerman, Esq., Cole, Scott & Kissane, P.A., 1900 Summit Tower Blvd., Ste. 750, Orlando, FL 32810, (321)
972-0012, greg.ackerman@csklegal.com



EXHIBIT

Civil Action No.  6:11-cv-1637-Orl-31DAB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Esther Woolsey

**From:** Greg Ackerman
**Sent:** Friday, August 17, 2012 10:53 AM
**To:** Esther Woolsey
**Subject:** FW: Response to Subpoena for Deposition
**Attachments:** Toughy Response - Bhogaita.pdf; image001.jpg; Toughy Response - Bhogaita.pdf

**From:** Franklin, Mary D. (OGC)
**Sent:** Fri, 17/08/2012 10:52
**To:** Greg Ackerman <Greg.Ackerman@csklegal.com>
**Subject:** Response to Subpoena for Deposition

Good Morning,

The attached document is forwarded to you on behalf of Attorney James Mantia.

Thank you

Mary D. Franklin, USAF Ret.
Legal Assistant
Department of Veterans Affairs
Office of Regional Counsel (Orlando)
5201 Raymond Street
Lakemont Campus, Rm 202A
Orlando, FL 32803
Tel: (321) 397-6477
Fax: (321) 397-6717



This communication is intended only for the use of the person or office to whom it is addressed and may contain information that is privileged, confidential or protected by law. All others are hereby notified that receipt of this communication does not waive any applicable privilege or exemption from disclosure and that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately. Thank you. U.S. Department of Veterans Affairs, Office of Regional Counsel.

1





**DEPARTMENT OF VETERANS AFFAIRS**
Office of Regional Counsel 02
5201 Raymond Street
Lakemont Campus, Ste 202A
Orlando, FL 32803
Phone (321) 397-6477
Facsimile (321) 397-6717

August 17, 2012
E-Mail and U.S. Mail

Robert Alden Swift, Esq.
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 750
1900 Summit Tower Blvd.
Orlando, FL 32810

RE: Subpoena for Deposition
    RE: Ajit Bhogaita v. Altamonte Heights Condominium Association
    Proposed Deponent: Dr. Shih Tzung Li, VA Employee

Mr. Swift:

I have just had the opportunity to review your recent subpoena seeking a deposition of Dr. Li. Please note that he is a VA employee. This request is for use in legal proceedings and is governed by 38 CFR 14.800 through 14.810. I also direct your attention to 38 C.F.R. 1.511. The type of information which you seek is protected by the federal Privacy Act and perhaps other federal law or regulations.

The subpoena was neither accompanied by a court signed order directing a deposition, nor was it accompanied by your affidavit or other statement explaining the reason for which the testimony is needed, as required by the Federal regulations cited above. Moreover, the Mr. Bhogaita has not provided an authorization for the information to be provided. Therefore, we are not able to comply with your request.

1

If you merely seek the patient's records, please submit his written authorization for same, or an appropriate order of the Court, along with your affidavit as to the reason the records are needed. Dr. Li is not the records custodian and he is unable to provide the records.

Also, please note that VA personnel may not provide opinion or expert testimony in any legal proceeding not involving the United States as a party. This prohibition extends to official VA information, subjects or activities but does not include factual information related to the case (i.e. the type of treatment rendered, the patient's diagnosis, etc.).

If, while testifying in a legal proceeding, VA personnel are asked to provide opinion or expert testimony concerning official VA information, subjects or activities, the VA witness shall respectfully decline to answer on the grounds that such expert or opinion testimony is forbidden and request an opportunity to consult with the responsible VA official before providing such testimony.

The requester or court may submit a written request for an exception to this prohibition to the responsible VA official where there are exceptional circumstances (See 38 CFR 14.804) and where such testimony will not be adverse to the interests of the Department of Veterans Affairs or the United States. Such requests, however, must be made prior to provision of opinion or expert testimony.

If you have any questions or concerns, please contact me in Orlando at 321-397-6477.

FOR THE REGIONAL COUNSEL

JAMES A. MANTIA, Esq.

2

# ‡ 149241

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| Ajit Bhogaita | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  6:11-cv-1637-Orl-31DAB |
| Altamonte Heights Condominium | ) | |
| Association, Inc. | ) | (If the action is pending in another district, state where:) |
| *Defendant* | ) | |
| | ) | |

*ANTHONY (?) Special Process Server #7949*
*OC Certified Process Server #0508.XO*
*'96 P.O. Box 195242*
*Winter Springs, FL 32719*
*321 - 276 - 1959*

*8/14/12*
*7:51p*

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Shih Tzung Li
     925 South Semoran Blvd., Winter Park, FL 32792

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cole, Scott & Kissane, P.A. | Date and Time: |
|---|---|
| 1900 Summit Tower Blvd, Ste 750 | |
| Orlando, FL 32810 | 09/07/2012 10:30 am |

The deposition will be recorded by this method:  __Court Reporter__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Attached Schedule "A"

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  __08/01/2012__

      *CLERK OF COURT*

                                          OR

             *Signature of Clerk or Deputy Clerk*                                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Altamonte Heights Condominium Association, Inc. _____, who issues or requests this subpoena, are:
Greg Ackerman, Esq., Cole, Scott & Kissane, P.A., 1900 Summit Tower Blvd., Ste. 750, Orlando, FL 32810, (321)
972-0012, greg.ackerman@csklegal.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:11-cv-1637-Orl-31DAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Dr. Shih Tzung Li

was received by me on *(date)* 8/8/12 .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                *Server's signature*  ANTHONY KO
                                                      DC Special Process Server # 7949
                                *Printed name and title*  SC Certified Process Server # 0508.KO
                                                      ℅ P.O. Box 195242
                                                      Winter Springs, FL 32719
                                                      321 - 276 - 1302

                                _____
                                *Server's address*

Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AJIT BHOGAITA

    Plaintiff,

V.                                                              CASE NO.: 6:11-cv-1637-Orl-31DAB

ALTAMONTE HEIGHTS CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:  **Matthew W. Dietz, Esq.**      **Aaron Bates, Esq.**
     Law Offices of Matthew W. Dietz, P.L.  The Maher Law Firm, P.A.
     2990 Southwest 35th Ave.       631 W. Morse Blvd., Suite 200
     Miami, FL 33133             Winter Park, FL 32789

     PLEASE TAKE NOTICE that the undersigned will take the deposition of the
following:

        **DEPONENT:**        **Dr. Shih-Tzung Li**

        **DATE:**            **September 7, 2012**

        **TIME:**            **10:30 a.m.**

        **LOCATION:**       **Cole, Scott & Kissane, P.A.**
                            **1900 Summit Tower Blvd, Ste. 750**
                            **Orlando, FL 32810**

upon oral examination before U.S. Legal Support, or any other notary public or officer
authorized to take depositions in the State of Florida. The oral examination will continue
from day to day until completed. The deposition is being taken for the purpose of
discovery, for use at trial, or for such other purposes as are permitted under the rules of
Court. Deponent shall produce for inspection or copying the following documents on

Case No. 6:11-cv-1637-Orl-31DAB

Schedule "A".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2012, a true and correct copy of the foregoing was served via U.S. Mail to the following: **Matthew W. Dietz, Esq.**, Law Offices of Matthew W. Dietz, P.L., 2990 Southwest 35th Ave., Miami, FL 33133 and **Aaron Bates, Esq.**, The Maher Law Firm, P.A., 631 W. Morse Blvd., Suite 200, Winter Park, FL 32789.

/s/ Greg Ackerman  CA

ROBERT ALDEN SWIFT
FBN: 0018518
GREG ACKERMAN
FBN: 0104132
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
Altamonte Heights
Tower Place, Suite 750
1900 Summit Tower Blvd
Orlando, Florida 32 810
E-Mail: greg.ackerman@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

f:\0186-0025-00\p\amended noddt - II (8-1-12).docx

Case No. 6:11-cv-1637-Orl-31DAB

## SCHEDULE "A"

Your complete records, FROM COVER-TO-COVER, all medical, radiology and billing including any and all documents, records and papers pertaining to the treatment, examination of and diagnosis of Ajit Bhogaita, plaintiff.

| | |
|---|---|
| **From:** | Greg Ackerman |
| **Sent:** | Wednesday, August 22, 2012 2:55 PM |
| **To:** | james.mantia@va.gov |
| **Cc:** | Esther Woolsey |
| **Subject:** | Bhogaita v. Altamonte Heights |
| **Attachments:** | Affidavit of Ackerman re Depo of Dr Li (8-21-12).pdf |

Jim,

I'm in receipt of your letter dated August 17 concerning the deposition subpoena served on Dr. Li. In compliance with 38 CFR s. 14.805, I have attached an affidavit from me omitting the attachments (please let me know if you want the attachments and I will forward them to you). Please advise whether authority will be granted for the deposition of Dr. Li or whether I will need to seek a court order as soon as possible. Thanks and please call me with any questions.



**GREG ACKERMAN, ESQ.**

greg.ackerman@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

Tower Place 750
1900 Summit Tower Boulevard
www.csklegal.com      Orlando, FL 32810

EXHIBIT

E

AJIT BHOGAITA

    Plaintiff,

v.                              CASE NO.: 6:11-cv-1637-Orl-31DAB

ALTAMONTE HEIGHTS CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.

_____/

## AFFIDAVIT OF ATTORNEY GREGORY ACKERMAN

STATE OF FLORIDA

COUNTY OF ORANGE

    BEFORE ME, the undersigned authority, personally appeared GREGORY ACKERMAN who, after being placed under oath, states and attests to the following:

    1.    My name is Gregory Ackerman. I am over the age of eighteen (18) and am otherwise competent to execute this affidavit.

    2.    I have personal knowledge of the facts set forth herein.

    3.    I am, and have been since 1997, a member of the Florida Bar in good standing. I am also a member in good standing with the United States District Court for the Middle District of Florida. I have been an attorney with the law firm of Cole, Scott & Kissane, P.A. since 2008 and hold the position of partner.

    4.    I am an attorney of record for the Defendant in the above-styled case. This affidavit is being provided in compliance with 38 CFR § 14.805.

    5.    On or about October 11, 2011, Plaintiff filed his original complaint in the

above-styled action and a true copy of same is attached hereto as Exhibit "A". Plaintiff alleges that Defendant violated the Federal and Florida Fair Housing Acts by discriminating against him on the basis of a psychological disability when it denied his request for an accommodation with respect to keeping an emotional support animal that weighed more than 25 pounds. Plaintiff alleges that he provided Defendant with several notes from his treating medical professional, Dr. Shih-Tzug Li, verifying that Plaintiff was disabled and that Dr. Li was prescribing an emotional support animal to assist Plaintiff in coping with his disability.

6.    In July of 2012, I issued a deposition subpoena to Dr. Li commanding him to appear for a deposition at my office on September 7, 2012. A true copy of the subpoena is attached hereto as Exhibit "B".

7.    On July 26, I received a telephone call from attorney James Mantia who informed me that he was representing the VA Hospital with respect to the deposition subpoena served on Dr. Li. Mr. Mantia inquired as to the nature of the action and reason for the deposition and I informed him that Dr. Li was a key witness based on the allegations of the complaint. I sent an email to Mr. Mantia that same day asking him to advise if he was going to object to the subpoena. A true copy of that email is attached hereto as Exhibit "C".

8.    On August 17, 2012, I received a faxed letter from Mr. Mantia asserting that Dr. Li is a VA employee and that the deposition subpoena did not comply with the procedures governing requests for testimony from VA employees, i.e., 38 CFR 14.800 through 14.810.

9.    Based on the allegations of the complaint, Dr. Li is not only a material but

a central witness in this case as Plaintiff's claims are based solely on the assertions made by Dr. Li in his office notes. His testimony would be relevant to whether or not Plaintiff was disabled within the meaning of the Fair Housing Act which is an element of Plaintiff's claim in this case.[1] Defendant's ability to defend this case would be unfairly and significantly prejudiced if it were not allowed to depose Dr. Li concerning the factual basis for the assertions made in his office notes and any other related VA medical records pertaining to his treatment of Plaintiff's alleged disability.

10.    I respectfully submit that consideration of the factors specified in 38 CFR § 14.804 weigh in favor of authorizing the deposition testimony of Dr. Li.

FURTHER AFFIANT SAYETH NAUGHT.

---

[1] "To prevail on a § 3604(f)(3)(B) claim, a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." Hawn v. Shoreline Towers Phase 1 Condominium Ass'n, Inc., 347 Fed.Appx. 464, 467 (11th Cir. 2009) (citing Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008)). "An individual is handicapped, for the purposes of the Fair Housing Act, if he has (a) a physical or mental impairment which substantially limits one or more of such person's major life activities, (b) a record of such impairment, or (c) is regarded as having such an impairment." Hawn, 347 Fed.Appx. at 467 (internal quotation omitted) (citing 42 U.S.C. § 3602(h)).

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 750 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

_____
GREGORY ACKERMAN

STATE OF FLORIDA

COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this 22nd day of August, 2012, by GREGORY ACKERMAN, who is personally known to me or who has produced _____ as identification and who did take an oath.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at said County and State, this 22nd day of August, 2012.

Notary Public

[Printed Name of Notary Public] Esther L. English

My Commission Expires: 6/19/16



ESTHER L ENGLISH
MY COMMISSION # EE200842
EXPIRES June 19, 2016
(407) 398-0153    FloridaNotaryService.com

**Esther Woolsey**

**From:** Mantia, James <james.mantia@va.gov>
**Sent:** Monday, August 27, 2012 10:41 AM
**To:** Greg Ackerman
**Cc:** Esther Woolsey
**Subject:** RE: Bhogaita v. Altamonte Heights

Mr. Ackerman,

Thank you for your submission. However, please note that we will still require a court order to make Dr. Li available.

Also his most available time – to minimize disruption of care to other veterans – is Wednesday afternoon, except for Sept. 26, and after 1:00 p.m. We also request that the deposition please be at the Orlando VA Medical Center, where we can provide a suitable space for this testimony.

Thank you,

Jim Mantia
VA Regional Counsel Attorney
321-397-6477

**From:** Greg Ackerman [mailto:Greg.Ackerman@csklegal.com]
**Sent:** Wednesday, August 22, 2012 2:55 PM
**To:** Mantia, James
**Cc:** Esther Woolsey
**Subject:** Bhogaita v. Altamonte Heights

Jim,

I'm in receipt of your letter dated August 17 concerning the deposition subpoena served on Dr. Li. In compliance with 38 CFR s. 14.805, I have attached an affidavit from me omitting the attachments (please let me know if you want the attachments and I will forward them to you). Please advise whether authority will be granted for the deposition of Dr. Li or whether I will need to seek a court order as soon as possible. Thanks and please call me with any questions.



**GREG ACKERMAN, ESQ.**

greg.ackerman@csklegal.com
Telephone: (321) 972-0012
Facsimile: (321) 972-0099

Tower Place 750
1900 Summit Tower Boulevard
Orlando, FL 32810

www.csklegal.com

Confidentiality Notice: This communication is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is legally privileged (including attachments) and is intended only for the use of the individual(s) or entity(ies) to which it is addressed. It may contain information that is confidential, proprietary, privileged, and/or exempt from disclosure under applicable law. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us so that we may take the appropriate action and avoid troubling you further. If you are not the intended recipient(s), please destroy this message, and any attachments, and notify the sender. Thank you for your cooperation.

1

**EXHIBIT**

F