# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AJIT BHOGAITA,**

        **Plaintiff,**

**v.**                                                    **Case No:  6:11-cv-1637-Orl-31DAB**

**ALTAMONTE HEIGHTS**
**CONDOMINIUM ASSN., INC.,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court on a motion for reconsideration (Doc. 77) filed by Defendant Altamonte Heights Condominium Assn., Inc., ("AHCA"). For the reasons discussed below, the Motion will be denied.

### I.      Standard

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996). This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir. 1985)). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990)). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Beeders v. Gulf Coast Collection Bureau*, 09CV00458T17EAJ, 2009 WL 3013502 (M.D. Fla. Sept. 16, 2009) (citing *Lamar Advertising of*

*Mobile, Inc., v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D. Fla. 1999)).

This Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994); *see also Beeders,* 2009 WL 3013502. "Motions for rehearing 'should not be used "to raise arguments which could, and should, have been made" ' earlier." *Emerson,* 919 F. Supp. at 417 (citing *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990) (quoting *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Denial of a motion for reconsideration is proper "when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* (quoting *Lussier,* 904 F.2d at 667).

## II.    Discussion

Defendant moves for reconsideration of two issues (1) whether Plaintiff was substantially limited in the major like activity of working, and (2) whether Defendant constructively denied Plaintiff's request for an accommodation. In support of the first argument, Defendant oversimplifies the Court's reasoning then cites several non-binding, out of circuit, factually distinguishable cases[1] for the questionable proposition that if a person can work from home, he is not substantially limited in the major life activity of working. The second argument similarly takes issue with the Court's analysis, then proceeds to expand on arguments previously raised and rejected. Beyond simply disagreeing with the Court's rulings, Defendant does not explain what

---

[1] *See, e.g., Washburn v. Harvey*, Civil No. G-05-346, 2009 WL 3007919 (S.D. Tex. Sept. 21, 2009) (no medical evidence that purported disability was permanent or that it would have a long-term impact, and further "[s]howing that he was incapable of performing one specific job for a well-defined period of time is insufficient to show that [plaintiff] was actually disabled."); *Ashton v. American Tel & Tel. Co.*, 225 F. App'x 61 (3d. Cir. 2007) (impairment was "temporary, lasting a total of three months" and stress related only to "her supervisor's treatment of her on the job site"); *Soileau v. Guilford of Maine, Inc*., 928 F. Supp. 37 (D. Me. 1996) (plaintiff provided only "conclusory statements" regarding his job opportunities in the area).

'manifest injustice' has occurred. To the extent any of these arguments are new, Defendant fails to articulate any reason for its failure to raise them earlier.

It is therefore,

**ORDERED** that Defendant's Motion for reconsideration (Doc. 77) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties