# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AJIT BHOGAITA,**

      **Plaintiff,**

**v.**                                      **Case No: 6:11-cv-1637-Orl-31DAB**

**ALTAMONTE HEIGHTS CONDOMINIUM ASSN., INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on a Motion for Judgment as a Matter of Law and for a New Trial (Doc. 141) filed by Defendant Altamonte Heights Condominium Assn., Inc. ("AHCA"); and a Response (Doc. 147) filed by Plaintiff, Ajit Bhogaita.

### I.  Standards

### A.  Judgment as a Matter of Law

A court will grant a motion for judgment as a matter of law when it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on an issue. Fed. R. Civ. P. 50; *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006) (citing *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005)).  If there is a substantial conflict in the evidence, such that "reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions," then the motion must be denied.  *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995).

### B. New Trial

A new trial will be granted only where an error has caused "substantial prejudice" to the affected party. *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004); Fed. R. Civ. P. 61. Relevant factors include the number of errors, closeness of the factual disputes, the prejudicial effect of the evidence at issue, whether counsel intentionally elicited the evidence, whether counsel focused on the evidence during the trial, and whether any cautionary or limiting instructions were given. *Id.* (citing *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986)).

### II. Discussion

*Disability and Need for Accommodation*

There was sufficient evidence in this case for a reasonable jury to conclude that Plaintiff was handicapped. Although he was able to work, Plaintiff and his treating physician testified that he suffers from PTSD resulting in, *inter alia*, depression, anxiety, and suicidal ideation. Testimony suggested that these symptoms affected Plaintiff's ability to maintain any job that requires social interaction. Evidence was also sufficient to establish that Plaintiff's requested accommodation was necessary. Dr. Li and Plaintiff testified that Kane alleviated his anxiety and depression allowing him to maintain employment in his home. Accordingly, Defendant is not entitled to judgment as a matter of law.

*Defendant's Knowledge*

Defendant contends, as it has throughout this case, that Plaintiff must prove that AHCA "knew or was reasonably expected to know" of the existence of both Plaintiff's handicap and his need for accommodation. Eleventh Circuit precedent, however, requires only that a defendant receive notice of the alleged disability and the ability to conduct a meaningful review. *Hawn v.*

*Shoreline Towers Phase I Condominium Ass'n, Inc.,* 347 Fed. App'x 464, 467 (11th Cir. 2009); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008). A reasonable jury could have found that Defendant was sufficiently on notice of Plaintiff's handicap and need for accommodation based on his testimony and the letters entered into evidence.[1] Accordingly, Defendant is not entitled to judgment as a matter of law, and the Court's failure to instruct the jury on this element was not prejudicial error warranting a new trial.

### *Impeachment of the Plaintiff*

Defendant also moves for a new trial because it was prevented from impeaching Plaintiff with certain evidence. At trial Plaintiff testified that he was not specifically permitted to keep his dog. Defendant sought to impeach Plaintiff with a letter in which AHCA states that, in light of the finding from the Florida Commission on Human Relations, it would "continue to allow [Plaintiff's] dog 'Kane,' to remain within the condominium community . . . ." (Doc. 147 at 16). The parties dispute the substance of the Court's ruling on this issue. Plaintiff claims that the Court did not prevent Defendant from using the letter; rather, it simply instructed Defendant that using the letter would open the door to evidence regarding the findings of the Florida Commission on Human Relations. Given this option, Defendant chose not to use the letter. Defendant disputes this, insisting that a redacted copy was offered.

The Court does not recall having prevented Defendant from introducing a redacted copy of the letter, however, without a transcript the Court cannot confirm the substance of this exchange. Regardless, Defendant presents no compelling argument that it was substantially prejudiced by its

---

[1] Even accepting Defendant's premise, there was sufficient evidence for the jury to conclude that AHCA knew or reasonably should have known of the existence of Plaintiff's handicap and need for accommodation.

inability to impeach the Plaintiff about a single statement. The Motion for New Trial will therefore be denied.

It is therefore,

**ORDERED** that Defendant's Motion (Doc. 141) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties