# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AJIT BHOGAITA,**

      **Plaintiff,**

**v.**                                                                       **Case No:  6:11-cv-1637-Orl-31DAB**

**ALTAMONTE HEIGHTS CONDOMINIUM ASSN., INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on a Motion for Permanent Injunction (Doc. 139) filed by Plaintiff, Ajit Bhogaita; a Reponse (Doc. 150) filed by Defendant, Altamonte Heights Condominium Association, Inc. ("AHCA"); and Plaintiff's Reply (Doc. 157).

A jury trial was held in this case on April 15, 2013, resulting in a verdict for the Plaintiff in the amount $5,000.00. The jury found that AHCA violated the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et. seq.*, by refusing to allow Plaintiff to keep his dog ("Kane") in his home. Plaintiff now moves for the following injunctive relief: a general injunction enjoining Defendant from discrimination as defined in the FHA; a specific injunction permitting Plaintiff to keep his dog on the premises; an injunction requiring Defendant to implement a nondiscrimination policy and to distribute that policy and a copy of the "Fair Housing: Equal Opportunity for All" booklet published by HUD to its employees; and an injunction requiring all employees and managers of Defendant to attend annual FHA training for a period of three years. Defendant opposes the requested relief.

## I. Standard

An injunction is limited to prospective relief. *See Dombrowski v. Pfister,* 380 U.S. 479, 485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) ("Injunctive relief looks to the future."); *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Amer. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990) (Preventing irreparable harm in the future is "the *sine qua non* of injunctive relief." (quoting *Frejlach v. Butler,* 573 F.2d 1026, 1027 (8th Cir. 1978))); *see also Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005). To obtain a permanent injunction a plaintiff must demonstrate: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief. *Id*. at 1128. However, because it is an extraordinary remedy, a permanent injunction is "available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959); *see also Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127-28 (11th Cir. 2005) and *Newman v. Alabama,* 683 F.2d 1312, 1319 (11th Cir. 1982). Injunctive relief is specifically permitted in the FHA under 42 U.S.C. § 3613.

## II. Discussion

Although Plaintiff has succeeded on the merits of his FHA claim, he has not demonstrated his entitlement to injunctive relief. This is not the type of flagrant violation that, on its own, justifies permanent injunctive relief. *See Sandford v. R. L. Coleman Realty Co., Inc.*, 573 F.2d 173, 178 (4th Cir. 1978) (injunctive relief justified based on undisputed "coding" of black applicants followed by the denial of their applications). There is no evidence of a pattern or practice of

discrimination in this case, no evidence of bad faith, AHCA took no affirmative action to remove Kane, and it sent a letter several months after the dispute arose, but before this lawsuit was filed, specifically informing Plaintiff that Kane could stay. Evidence suggests that AHCA attempted to comply with the law and sought legal advice—which, in hindsight, was poor. This single violation, combined with a vague assertion that AHCA "refused to acknowledge the wrongfulness of its conduct," is insufficient to establish Plaintiff's entitlement to permanent injunctive relief.

Plaintiff insists that "irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes." *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984). But in *Gresham*, the court was addressing the irreparable injury required for a *preliminary injunction*. It reasoned that, *inter alia*, "a person who is discriminated against in the search for housing cannot remain in limbo while a court resolves the matter . . . available housing where the discrimination is occurring could become filled during the pendency of a lawsuit, making corrective relief nearly impossible to enter . . . ." *Rogers v. Windmill Pointe Vill. Club Ass'n, Inc.*, 967 F.2d 525, 529 (11th Cir. 1992) (citing *Gresham*, 730 F.2d at 1424). To obtain a permanent injunction, there must be some cognizable danger of recurrent violations or some continuing harm for which money damages are insufficient compensation. *United States v. Warwick Mobile Homes Estates,* 558 F.2d 194, 197 (4th Cir. 1977). *See also*, *Dombrowski,* 380 U.S. at 485; *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Amer.,* 896 F.2d at 1285. Plaintiff faces no such harm here and even if a presumption of irreparable injury applies, Defendant has presented sufficient evidence to rebut it.

It is therefore,

**ORDERED** that Plaintiff's Motion for Injunctive Relief (Doc. 139) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2013.

- 4 -

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties