# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AJIT BHOGAITA,**

      **Plaintiff,**

**v.**                                                 **Case No: 6:11-cv-1637-Orl-31DAB**

**ALTAMONTE HEIGHTS CONDOMINIUM ASSN., INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court on a Motion for Attorneys' Fees (Doc. 165), filed by Plaintiff Ajit Bhogaita; and Defendant's Response thereto (Doc. 171).

Plaintiff seeks $192,785.50 in attorneys' fees for the work of three attorneys divided as follows: $91,798.00 for the work of Matthew W. Dietz (221.20 hours billed at $415.00 per hour); $6,640.00 for the work of Rachel Goldstein (33.20 hours billed at $200.00 per hour); and $94,347.50 for the work of Aaron C. Bates (290.30 hours billed at $325.00 per hour).

The starting point in determining reasonable attorney's fees is the lodestar, which is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted). Reasonable fees' under § 1988 are calculated according to the prevailing market rates in the relevant community. *Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985) (citing *Blum v. Stenson,* 465 U.S. 886, ----, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984) (footnote omitted)). Additional factors include: (1) the time and labor required; (2) the novelty and

difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Gaines,* 775 F.2d at 1572

### Reasonable Hourly Rate

Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303 (citation omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* However, the Court is an expert on this matter and may "consider its own knowledge and experience concerning reasonable and proper fees" and "form an independent judgment ... without the aid of witnesses." *Id.* at 1303.

In a recent FHA case cited by Plaintiff, this Court determined that a reasonable rate for Mr. Dietz was $350.00 per hour and that a reasonable rate for Mr. Bates was $250.00 per hour. *Herrin v. Lamachys Vill. at Indigo Lakes, Inc.*, 6:09-CV-1562-ORL-35, 2011 WL 7333928 (M.D. Fla. Dec. 8, 2011) *report and recommendation adopted,* 6:09-CV-1562-ORL-36, 2012 WL 512952 (M.D. Fla. Feb. 16, 2012). Based on this prior precedent and the Court's own knowledge and expertise, reasonable hourly rates in this case are as follows: $350 for Mr. Dietz, $250 for Mr. Bates, and $175 for Ms. Goldstein in light of her limited experience.


**Hours Reasonably Expended**

Defendant objects to more than 50 hours of entries which it claims are duplicative. Excessive, redundant or otherwise unnecessary hours are generally excluded from fee awards. *Norman*, 836 F.2d at 1301. However, "[t]here is nothing inherently unreasonable about a client having multiple attorneys." *Id*. at 1302. A reduction of hours on those grounds "is warranted only if the attorneys are unreasonably doing the same work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Johnson v. University College of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983), *cert. denied,* 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983). Duplicative time spent in attorney conferences and reviewing case filing and documents is not generally unreasonable. *See Rynd v. Nat'l Mut. Fire Ins. Co.*, 8:09-CV-1556-T-27TGW, 2012 WL 939387 (M.D. Fla. Jan. 25, 2012) *report and recommendation adopted,* 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012); *Review Publications, Inc. v. Navarro*, 89-1187-CIV-KEHOE, 1991 WL 252962 (S.D. Fla. June 26, 1991); *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1337 (D.C.Cir.1982). Although Defendant's conclusory objections will be rejected, 50 hours of duplicative time entries is excessive. *See Norman,* 836 F.2d at 1301 ("[g]eneralized statements that the time spent was reasonable or unreasonable ... are not particularly helpful and not entitled to much weight" and "[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponent"). Thus, the Court, in its discretion, will reduce the amount of hours expended by Bates by 25, and Goldstein by 7—half the amount requested by Defendant.

Next, Defendant claims that 18.70 hours expended by Plaintiff's counsel is vague or redacted. Although counsel is not required to record in great detail how each minute of his time was expended, "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Specifically, Defendant objects to 9 hours of "trial preparation" submitted by Mr. Dietz and Mr. Bates. While such a description may be insufficient in some cases, *see Rynd*, 2012 WL 939387 at *10 (196.1 hours in trial preparation time submitted for a trial that lasted only three days on a "simple bad faith issue."), it is not patently unreasonable here.

Defendant's remaining objections are directed to entries for email or telephone communication between counsel and Plaintiff, in which the specific subject matter of the communication has been redacted. In total, 14.5 hours of entries for Mr. Bates include these minor redactions. Simply redacting from time entries the subject matter of attorney client communication is not unreasonable. Defendant's conclusory objections in this regard will be rejected.

Defendant's objections are sustained, however, with respect to counsel's travel time, (22.6 hours by Mr. Bates) and for preparation of the motion for injunctive relief (16.5 hours for Mr. Bates). 22.6 hours will be deducted from Mr. Bates entries for travel time, and 4 hours will be deducted from time spent preparing an unsuccessful motion for injunctive relief that was similar to a previous motion filed by counsel in another case. (*See* Doc. 171-4).

Accordingly, the Court finds that Plaintiff is entitled to fees for 221.20 hours for Mr. Dietz, 238.70 for Mr. Bates, and 26.20 for Ms. Goldstein, for a final lodestar amount of $141,680.00.

**Lodestar Reduction**

The final step is to determine whether a further reduction is warranted based on the results obtained. *See Norman,* 836 F.2d at 1302. If Plaintiff was successful, the Court should "compensate for all hours reasonably expended." *Id.* (citation omitted). However, the lodestar must be reduced to reflect partial or limited success. *Id.* Although Plaintiff succeeded in this case and received more than a nominal award, a significant portion of the case involved a claim for injunctive relief which was ultimately denied. For that reason, the lodestar will be reduced by 10%, or $14,168.00.

**Conclusion**

In light of the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 165) is **GRANTED IN PART.** Plaintiff is entitled to an award of attorney's fees in the amount of $127,512.00.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties